On respondents - cross-appellants' motion for enforcement and approval of settlement agreement filed August 9, 1988; appellant - cross-respondent's memorandum in opposition to motion to enforce filed September 1, 1988; respondents - cross-appellants' reply memorandum in support of motion to enforce filed September 7, 1988, and respondents - cross-appellants' petition for review of order denying attorney fees filed September 13, 1988, reconsideration allowed on petition and on motion; former order vacated; petition for attorney fees and motions denied February 22, petition for review on attorney fees denied April 18, 1989 (307 Or 658)

GUINASSO et ux,
*Respondents - Cross-Appellants,*

*and*

GUINASSO et al,
*Cross-Appellants,*

*v.*

PACIFIC FIRST FEDERAL
SAVINGS AND LOAN ASSOCIATION,
*Appellant - Cross-Respondent.*

(416-583; CA A37437)

769 P2d 212

Henry Kantor and Pozzi, Wilson, Atchison, O'Leary & Conboy, Phil Goldsmith, and Jerome E. LaBarre and LaBarre & Associates, P.C., Portland, for motion and reply for enforcement and approval of settlement agreement and petition for review of order denying attorney fees.

Donald J. Morgan, Peter Livingston, and Wood, Tatum, Mosser, Brooke & Landis, Portland, for memorandum in opposition to motion to enforce.

Before Richardson, Presiding Judge, and Warren and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs petition for Supreme Court review and our reconsideration of our denial of their petition for attorney fees on appeal in *Guinasso v. Pacific First Federal,* 89 Or App 270, 749 P2d 577, *rev den* 305 Or 672 (1988). They also move that we vacate the order denying the petition, and that we "enforce and approve" a settlement agreement on the amount of attorney fees that they and defendant reached at approximately the time that we issued our order. Defendant later repudiated the settlement and apprised us of that fact by letter. Defendant asserts that, when the parties were negotiating, plaintiffs' counsel had information that defendant did not have concerning our action on the attorney fee petition and failed to disclose it.

■ The principal basis for plaintiffs' motion that we vacate the order is that it was signed by Chief Judge Joseph, who had recused himself on the case. However, he did not participate in the decision on the petition. It was made by three other members of the court and the denial was memorialized in an order inadvertently signed by the Chief Judge. We agree that that order should be vacated. We do not agree with plaintiffs' arguments in their petition or motion that, on the merits, they should be awarded appellate attorney fees. We turn to their motion to enforce the settlement agreement.

■■ Defendant argues that we lack jurisdiction over that motion, because it requires the "initial determination as to the validity and enforceability of the settlement agreement" and "[t]here is no constitutional or statutory provision vesting in the Court of Appeals jurisdiction to make such a determination." Plaintiffs respond that appellate courts routinely make factual determinations in acting on attorney fee requests. They also argue that the motion is related to the underlying appeal and the petition for attorney fees and is, therefore, "ancillary or incidental" to our jurisdiction over those matters and within our inherent authority to decide. *See, e.g., Livesley v. Krebs Hop Company,* 57 Or 352, 356, 97 P 718, 107 P 460, 112 P 1 (1910).

In our view, plaintiffs' contentions rest on a misperception of this court's role in connection with parties' consensual settlements of pending controversies. The effect of a settlement of which we are informed before we issue a decision

is to eliminate the subject for a decision. Our usual disposition after a settlement is to dismiss the appeal, not to render a decision that reflects the parties' agreement. Stated differently, we do not enforce settlements; we desist from deciding cases when settlements are reached. Defining a settlement as an "agreement" does not alter that framework. The agreement may be independently enforceable in a contract action, but its enforcement is not ancillary or incidental to our ruling on an appeal or a petition for attorney fees. The existence of an agreement of the kind that plaintiff describes would terminate our consideration of a controversy and would not be ancillary to our consideration.

The situation here is not the usual uncomplicated model of a settlement. Defendant informed us that it had repudiated the settlement after we issued our original order. Arguably, at the time defendant did that, its action either came too late or was a non-happening, because our decision on the attorney fees petition was favorable to defendant. However, we have now vacated the original order and have also expressed our adherence to the original decision on its merits. The net effect, in the light of defendant's communicated repudiation, is that the parties do not agree that there is a settlement and that the petitions for attorney fees and for reconsideration of their denial are not before us for decision. There is no settlement for purposes of our authority to rule. Whether there is an enforceable contract is an issue that must be raised initially in another forum.

Reconsideration allowed on petition and on motion; order vacated; petition for attorney fees and motions denied.